UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:17-CR-00032-TBR

**FILED**

JAMES J. VILT, JR. - CLERK

JUN 29 2021

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**UNITED STATES**

v.

**ERIC BENNETT, and
MARCUS BENNETT**

**JURY INSTRUCTIONS**

# INSTRUCTION NO. 1
## Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crime that the defendant is accused of committing. Then I will explain some rules that you must use in evaluating particular testimony and evidence. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved a defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

### Presumption of Innocence, Burden of Proof, and Reasonable Doubt

As you know, the defendants have pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, each defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendants have no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find a defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved a defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3

### Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 4

### Consideration of Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**INSTRUCTION NO. 5**

**Direct and Circumstantial Evidence**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 6

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 7

### Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## INSTRUCTION NO. 8

### Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The parties for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The parties have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

### INSTRUCTION NO. 9

### Introduction of the Elements

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that each defendant is accused of committing.

But before I do that, I want to emphasize that the defendants are only on trial for the crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

## INSTRUCTION NO. 10

### Multiple Defendants Charged with Some of the Same Crimes and Different Crimes

(1) The defendants have been charged with some of the same crimes and with different crimes. I will explain to you in more detail shortly which defendants have been charged with which crimes. But before I do that, I want to emphasize several things.

(2) The number of charges is no evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

(3) Your decision on any one defendant or one charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

## INSTRUCTION NO. 11

### Unindicted, Unnamed, or Separately Tried Co-Conspirators

(1)     Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding.

(2)     Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that a defendant conspired with one or more of them. Whether they are named or not, does not matter.

# INSTRUCTION NO. 12

## COUNT 1

### Conspiracy to Violate the Drug Laws (21 U.S.C. § 846)

(1) Count 1 of the indictment charges Defendants Eric Bennett and Marcus Bennett with conspiracy to possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance. It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

(2) A conspiracy is a kind of criminal partnership. For you to find any one of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A) **First:** That two or more persons, conspired, or agreed, to possess with the intent to distribute, or to distribute, a mixture or substance containing a detectable amount of heroin.

(B) **Second:** That the defendant knowingly and voluntarily joined the conspiracy.

(3) The crime of possession with intent to distribute a controlled substance has the following two elements:

(A) **First**: The defendant knowingly or intentionally possessed heroin; and

(B) **Second**: The defendant intended to distribute heroin.

(4) Now I will give you more detailed instructions on some of these terms.

(A) With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to possess with the intent to distribute, or to distribute, a mixture or substance containing a detectable amount of heroin.

(1) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved agreement. But without more they are not enough.

(2) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with the intent to distribute, or to distribute, a mixture or substance containing a detectable amount of heroin. This is essential.

(3) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(B) With regard to the second element—the defendant's connection to the conspiracy—the government must prove that the defendant knowingly and voluntarily joined that agreement.

(1) The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals. You must consider each defendant separately in this regard.

(2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the

conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3) Further, this does not require proof that the defendant knew the drug involved was heroin. It is enough that the defendant knew that it was some kind of controlled substance. Nor does this require proof that the defendant knew how much heroin was involved. It is enough that the defendant knew that some quantity was involved.

(4) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(5) A conspiracy requires more than just a buyer-seller relationship between the defendant and another person. In addition, a buyer and seller of heroin do not enter into a conspiracy to distribute heroin simply because the buyer resells the heroin to others, even if the seller knows that the buyer intends to resell the heroin. The government must prove that the buyer and seller had the joint criminal objective of further distributing heroin to others.

(6) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is

up to the government to convince you that such facts and circumstances existed in this particular case.

(5) To prove that the defendant "knowingly" possessed the heroin, the defendant did not have to know that the substance was heroin. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much heroin he possessed. It is enough that the defendant knew that he possessed some quantity of heroin.

(6) The phrase "intended to distribute" means the defendant intended to deliver or transfer a controlled substance sometime in the future.

(7) Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the heroin for you to find him guilty of this crime. The law recognizes two kinds of possession—actual and constructive possession. Either one of these, if proved by the government, is enough to convict.

(A) To establish actual possession, the government must prove that the defendant had direct, physical control over the heroin, and knew that he had control of it.

(B) To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the heroin, and knew that he had this right, and that he intended to exercise physical control over the heroin at some time, either directly or through other persons.

(C) For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

(D) But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive

possession of the heroin, and knew that he did, for you to find defendant guilty of this crime.  This, of course, is all for you to decide.

(8) If you are convinced that the government has proved all of these elements beyond a reasonable doubt, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**INSTRUCTION NO. 13**

**Count 1 Continued: Unanimity Required – Determining the Amount of Controlled Substance (21 U.S.C. § 846)**

(1) The defendants Eric Bennett and Marcus Bennett are charged in Count 1 of the indictment with conspiracy to possess with intent to distribute heroin. If you find a defendant guilty of this charge, you will then be asked to determine the quantity of the controlled substance involved in the conspiracy that was attributable to him as a result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him. You will be provided with a special verdict form for this purpose.

(2) If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least one kilogram (1000 grams) of a mixture or substance containing a detectable amount of heroin was attributable to a defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate this finding on the special verdict form.

(3) If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of at least 100 grams or more but less than 1000 grams (one kilogram) of a mixture or substance containing a detectable amount of heroin was attributable to a defendant as the result of his own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

(4) If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that a quantity, but less than 100 grams of a mixture or substance containing a detectable amount of heroin was attributable a defendant as the result of his own conduct and the

conduct of other co-conspirators that was reasonably foreseeable to him, then please indicate that finding on the special verdict form.

(5) In determining the quantity of the controlled substance, you need not find that the defendant knew that his offense involved this quantity of drugs, but the defendant must have been involved in the conspiracy at the time of the possession with intent to distribute the determined quantity of heroin.

# INSTRUCTION NO. 14

## COUNT 2

### Conspiracy to Commit Murder of a Federal Employee (18 U.S.C §§ 1114, 1117)

(1) Count 2 of the indictment charges defendants Eric Bennett and Marcus Bennett with the crime of conspiring to murder Da'Ron Lester, a federal employee, in violation of federal law. A conspiracy is a kind of criminal partnership. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal. Therefore, even though the victim Da'Ron Lester was not killed, you must find a defendant guilty of conspiring to murder Da'Ron Lester if you are convinced that the government has proved each of the following beyond a reasonable doubt:

> (A) **First**: That two or more persons conspired, or agreed, to commit the crime of murdering Da'Ron Lester, a federal employee;

> (B) **Second**: That the defendant knowingly and voluntarily joined the conspiracy; and

> (C) **Third**: That a member of the conspiracy did the overt act of shooting Da'Ron Lester with a firearm for the purpose of advancing or helping the conspiracy.

(2) You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of the defendants guilty of the conspiracy charge.

(3) The crime of murder of a federal employee has four elements, which are:

> (A) **First**: The defendant unlawfully killed Da'Ron Lester;

> (B) **Second**: The defendant did so with malice aforethought;

> (C) **Third**: The killing was premeditated; and

> (D) **Fourth**: Da'Ron Lester was killed while engaged in the performance of his official duties as an employee of the United States Postal Service.

> (E) The defendant does not have to know that Da'Ron Lester was a federal employee.

(4) Now I will give you more detailed instructions on some of these terms.

(A) With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of murder of a federal employee.

(1) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(2) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of murder of a federal employee. This is essential.

(3) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(B) With regard to the second element—the defendant's connection to the conspiracy—if you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement.

(1) You must consider each defendant separately in this regard. To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

(2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(4) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(C) With regard to the third element—an overt act— the government must prove that a member of the conspiracy did the overt act of shooting Da'Ron Lester with a firearm for the purpose of advancing or helping the conspiracy.

(1) The government must prove that this act was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy. This is essential.

(D) As used in these instructions, "malice aforethought" means an intent, at the time of the overt act of shooting Da'Ron Lester, willfully to take the life of a human being, or an intent willfully to act in a callous and wanton disregard of the consequences to human life; but "malice aforethought" does not necessarily imply any ill will, spite or hatred towards the victim.

(1) In determining whether a defendant acted with malice aforethought, you should consider all the evidence concerning the facts and circumstances preceding, surrounding and following the killing which tend to shed light upon the question of intent.

(E) A killing is premeditated when it is intentional and the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough for the defendant, after forming the intent to kill, to be fully conscious of his intent, and to have thought about the killing.

(1) For there to be premeditation the defendant must think about the taking of a human life before acting. The amount of time required for premeditation cannot be arbitrarily fixed. The time required varies as the minds and temperaments of people differ and according to the surrounding circumstances in which they may be placed. Any interval of time between forming the intent to kill, and acting on that intent, which is long enough for the defendant to be fully conscious and mindful of what he intended and willfully set about to do, is sufficient to justify the finding of premeditation.

(5) If you are convinced that the government has proved each of these elements of conspiracy to commit murder of a federal employee beyond a reasonable doubt, say so by returning a guilty

verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of the charge.

**INSTRUCTION NO. 15**

**COUNT 3**

**Elements of Count 3: Attempt to Murder a Federal Employee**

**(Eric Bennett)**

(1) Count 3 of the indictment charges defendant **Eric Bennett** with attempting to murder Da'Ron Lester, a federal employee, in violation of federal law.

(2) In order for you to find **Eric Bennett** guilty of attempted murder of Da'Ron Lester, a federal employee, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

> **First**: That **Eric Bennett** intended to commit the crime of murder of Da'Ron Lester, a federal employee;
>
> **Second**: That **Eric Bennett** did some overt act that was a substantial step towards committing the crime of murdering Da'Ron Lester; and
>
> **Third**: At the time the attempted murder occurred, the victim Da'Ron Lester, was a federal employee engaged in the performance of official duties.

(3) Now I will give you more detailed instructions on some of these terms.

> (A) The crime of murder of a federal employee has four elements, which are:
>
> > (1) **First**: The defendant unlawfully killed Da'Ron Lester;
> >
> > (2) **Second**: The defendant did so with malice aforethought;
> >
> > (3) **Third**: The killing was premeditated; and
> >
> > (4) **Fourth**: Da'Ron Lester was killed while engaged in the performance of his official duties as an employee of the United States Postal Service.

(5) The defendant does not have to know that Da'Ron Lester was a federal employee.

(B) As used in these instructions, "malice aforethought" means an intent, at the time of the overt act of shooting Da'Ron Lester, willfully to take the life of a human being, or an intent willfully to act in a callous and wanton disregard of the consequences to human life; but "malice aforethought" does not necessarily imply any ill will, spite or hatred towards the victim.

(C) In determining whether a defendant acted with malice aforethought, you should consider all the evidence concerning the facts and circumstances preceding, surrounding and following the killing which tend to shed light upon the question of intent.

(D) A killing is premeditated when it is intentional and the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough for the defendant, after forming the intent to kill, to be fully conscious of his intent, and to have thought about the killing.

(E) For there to be premeditation the defendant must think about the taking of a human life before acting. The amount of time required for premeditation cannot be arbitrarily fixed. The time required varies as the minds and temperaments of people differ and according to the surrounding circumstances in which they may be placed. Any interval of time between forming the intent to kill, and acting on that intent, which is long enough for the defendant to be fully conscious and mindful of what he intended and willfully set about to do, is sufficient to justify the finding of premeditation.

(4) Merely preparing to commit a crime is not a substantial step. The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to murder Da'Ron

Lester, a federal employee. But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime. A substantial step is enough.

(4) Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime, but they must all agree a substantial step was taken by the defendant.

(5) If you are convinced that the government has proved each of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant **Eric Bennett** not guilty.

## INSTRUCTION NO. 16

## Elements of Count 3 Continued: Aiding and Abetting the Attempted Murder of a Federal Employee

### (Marcus Bennett)

(1) For you to find defendant **Marcus Bennett** guilty of aiding and abetting the attempted murder of Da'Ron Lester, a federal employee, it is not necessary for you to find that Marcus Bennett personally committed the crime. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime of attempted murder of Da'Ron Lester, a federal employee. A person who does this is called an aider and abettor.

(2) But for you to find **Marcus Bennett** guilty of attempted murder of Da'Ron Lester, a federal employee, as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

> **First**: That the crime of attempted murder of Da'Ron Lester, a federal employee, was committed;
>
> **Second**: That **Marcus Bennett** helped to commit the crime or encouraged someone else to commit the crime; and
>
> **Third**: That **Marcus Bennett** intended to help commit or encourage the crime.

(3) Proof that Marcus Bennett may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

(4) What the government must prove is that Marcus Bennett did something to help or encourage the crime with the intent that the crime be committed.

(5) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find Marcus Bennett guilty of attempted murder of Da'Ron Lester as an aider and abettor.

## INSTRUCTION NO. 17

## COUNT 4

### Forcibly Assaulting a Federal Employee (18 U.S.C. 111(a)(1))

### (Eric Bennett)

(1) Count 4 of the indictment charges defendant **Eric Bennett** with the crime of forcibly assaulting Da'Ron Lester, a federal employee of the United States Postal Service, by shooting him with a firearm while Da'Ron Lester was engaged in the performance of his official duties.

(2) For you to find **Eric Bennett** guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

**First**: That **Eric Bennett** forcibly assaulted United States Postal Service (USPS) letter carrier, Da'Ron Lester;

**Second**: The assault was done intentionally; and

**Third**: At the time of the assault, Da'Ron Lester was engaged in the performance of his official duty or on account of the performance of official duties;

(3) The term "forcible assault" means any intentional attempt or threat to inflict injury to another person when a defendant has the apparent present ability to do so. This includes any intentional display of force that would cause a reasonable person to fear immediate bodily harm.

(4) It is not necessary to prove that **Eric Bennett** knew that Da'Ron Lester was, at that time, a federal employee carrying out an official duty, so long as it is established beyond a reasonable doubt that Da'Ron Lester was, in fact, a federal employee acting in the course of his duty and that Eric Bennett intentionally committed a forcible assault upon Da'Ron Lester.

(5) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you then you must find the defendant **Eric Bennett** not guilty.

## INSTRUCTION NO. 18

## Count 4 Continued: Aiding and Abetting the Forceable Assault of a Federal Employee

## (Marcus Bennett)

(1) For you to find defendant **Marcus Bennett** guilty of aiding and abetting the forcible assault on Da'Ron Lester, a federal employee, it is not necessary for you to find that Marcus Bennett personally committed the crime. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime of forcibly assaulting a federal employee. A person who does this is called an aider and abettor.

(2) But for you to find **Marcus Bennett** guilty of forcibly assaulting Da'Ron Lester as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

> **First**: That the crime of forcible assault on Da'Ron Lester,a federal employee, was committed;
>
> **Second**: That **Marcus Bennett** helped to commit the crime or encouraged someone else to commit the crime; and
>
> **Third**: That **Marcus Bennett** intended to help commit or encourage the crime.

(3) Proof that Marcus Bennett may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

(4) What the government must prove is that Marcus Bennett did something to help or encourage the crime with the intent that the crime be committed.

(5) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find Marcus Bennett guilty of forcible assault on Da'Ron Lester, a federal employee, as an aider and abettor.

## INSTRUCTION NO. 19

## COUNT 5

## Firearms – Using or Carrying a Firearm During and in Relation to a Crime of Violence (18 U.S.C §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(iii))

## (Eric Bennett)

(1) Count 5 of the indictment charges Defendant **Eric Bennett** with violating federal law by using or carrying a firearm during and in relation to a crime of violence.

For you to find Eric Bennett guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) **First**: That Eric Bennett committed the crime charged in Count 3. Attempting to kill Da'Ron Lester, a federal employee, while in the commission of his official duties is a crime of violence which may be prosecuted in a court in the United States;

(B) **Second**: That Eric Bennett knowingly used or carried a firearm; and

(C) **Third**: That the use or carrying of the firearm was during and in relation to the crime charged in Count 3.

(2) Now I will give you more detailed instructions on some of these terms.

(A) To establish "use," the government must prove active employment of a firearm during and in relation to the crime charged in Count 3. "Active employment" means activities such a brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm. "Use" requires more than mere possession or storage.

(B) "Carrying" a firearm includes carrying it on or about one's person. Carrying also includes knowingly possessing and conveying a firearm in a vehicle which the person accompanies including the glove compartment or trunk.

(C) The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

(D) The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count 3; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count 3, and its presence or involvement cannot be the result of accident or coincidence.

(E) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(3) The government need not prove that a particular firearm was used or carried during and in relation to the crime of violence.

(4) If you are convinced that the government has proved all of these elements beyond a reasonable doubt, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant Eric Bennett not guilty of this charge.

(5) If you find the Defendant Eric Bennett guilty of using or carrying a firearm during and in relation to a crime of violence, you must then determine whether the firearm was discharged, even accidentally.

## INSTRUCTION NO. 20

## COUNT 7

## Firearms – Use or Possession of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. § 924(c)(1)(A)(i))

## (Eric Bennett)

(1) Count 7 of the indictment charges the defendant, **Eric Bennett**, with violating federal law by using or possessing a firearm in furtherance of a drug trafficking crime.

For you to find **Eric Bennett** guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) **First**: That **Eric Bennett** committed the crime charged in Count 1. A conspiracy to possess with intent to distribute, or to distribute heroin is a drug trafficking crime which may be prosecuted in a court of the United States;

(B) **Second**: That **Eric Bennett** knowingly possessed a firearm; and

(C) **Third**: That the possession of the firearm was in furtherance of the crime charged in Count 1.

(2) Now I will give you more detailed instructions on some of these terms.

(A) The government does not necessarily have to prove that the defendant physically possessed the firearm and ammunition for you to find him guilty of this crime. The law recognizes two kinds of possession—actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

(1) To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm and ammunition, and knew that he had control of it.

(2) To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm and ammunition, and knew that he had this right, and that he intended to exercise physical control over at some time, either directly or through other persons.

(3) But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm and ammunition, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

(B) The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Count 1. In deciding whether the firearm was possessed to advance or promote the crime charged in Count 1, you may consider these factors:

(1) whether the firearm was strategically located so that it was quickly and easily available for use;

(2) whether the firearm was loaded;

(3) the type of weapon;

(4) whether possession of the firearm was legal;

(5) the type of drug trafficking crime; and

(6) the time and circumstances under which the firearm was found.

This list is not exhaustive.

(3) If you are convinced that the government has proved all of these elements beyond a reasonable doubt, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant Eric Bennett not guilty of this charge.

# INSTRUCTION NO. 21

## Defendant's Election not to Testify or Present Evidence

(1) A defendant has an absolute right not to testify or present evidence. The fact that the defendants did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

(2) Remember that it is up to the government to prove each of the defendants guilty of the crimes charged beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

# INSTRUCTION NO. 22

## Testimony of an Accomplice

(1) You have heard the testimony of Juliyah Young. You have also heard that she was involved in the same conspiracy to distribute heroin that the defendants are charged with committing. You should consider Juliyah Young's testimony with more caution than the testimony of other witnesses.

(2) Do not convict a defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

## INSTRUCTION NO. 23

### Impeachment by Prior Inconsistent Statement

(1) You have heard the testimony of Da'Ron Lester. You have also heard that before this trial he made a statement that may be different from his testimony here in court.

(2) This earlier statement was brought to your attention only to help you decide how believable his testimony was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.

# INSTRUCTION NO. 24

## Impeachment of a Witness Other Than Defendant by Prior Conviction

(1) You have heard the testimony of Da'Ron Lester. You have also heard that before this trial he was convicted of a crime.

(2) This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was. Do not use it for any other purpose. It is not evidence of anything else.

## INSTRUCTION NO. 25

The United States has introduced tape recordings involving a confidential informant and others.

The jury shall not consider the statements of the confidential informant for the truth of the matter he asserted.

The statements of the confidential informant in these tape recordings are to be considered for the limited purpose of providing context to a defendant's statement, if any, made during the tape recording.

## INSTRUCTION NO. 26

### Evidence Summaries Admitted in Evidence

(1) During the trial you have seen or heard summary evidence in the form of charts, drawings, calculations, testimony, or similar material. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.

(2) The summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

**INSTRUCTION NO. 27**

**Opinion Testimony**

(1) You have heard the testimony of <u>Kimberlie Ross, George Huffman, Vincent Desiderio,</u> <u>Dr. Jarrod Little, Shirley Marc, and Jason Moore,</u> who testified as opinion witnesses.

(2) You do not have to accept their opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

# INSTRUCTION NO. 28

## Transcription of Recordings

(1) You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

(2) Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

## INSTRUCTION NO. 29

### Number of Crimes

(1) Defendant **Eric Bennett** has been charged with six crimes and defendant **Marcus Bennett** has been charged with four crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2) Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## INSTRUCTION NO. 30

### State of Mind of the Defendant

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

# INSTRUCTION NO. 31

## Deliberations and Verdict

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## INSTRUCTION NO. 32

### Unanimous Verdict

Your verdict as to each Count, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 33

### Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 34

### Punishment

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 35

### Verdict

I have prepared verdict forms that you should use to record your verdicts as to each Count. Those forms are located at the end of these instructions.

If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the forms. If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the forms. Your foreperson should then sign the forms, put the date on them, and return them to me.

## INSTRUCTION NO. 36

### Verdict Limited to Charges against This Defendant

Remember that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

## INSTRUCTION NO. 37

### *Juror Notes*

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## INSTRUCTION NO. 38

## Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.